IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DELORES PARENTE** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-CV-1126-SMY-DGW |
| | ) |
| **THF GLEN CARBON DEVELOPMENT,** | ) |
| **L.L.C., et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir.2008)), and having reviewed the Notice of Removal in this case (Doc. 1), the Court finds that Defendants insufficiently pled diversity jurisdiction. Accordingly, this matter is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

Plaintiff Delores Parente filed suit against Defendants THF Glen Carbon Development, LLC, TKG Management, Inc. d/b/a The Kroenke Group and CATO Corporation alleging she sustained personal injuries after tripping on concrete steps located outside the Cato store at Cottonwood Plaza, 300 Junction Drive, Glen Carbon, Illinois (Doc. 1-2). The lawsuit was originally filed in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois and was removed to this Court by Defendants THF Glen Carbon Development, LLC and TKG Management, Inc. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

The exercise of diversity jurisdiction requires that an amount in excess of $75,000.00, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship.  *See* 28 U.S.C. § 1332(a)(1).  To determine the amount in controversy, the Court looks to the face of the complaint.  *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In this case, Plaintiff's Complaint seeks a judgment "in an amount in excess of $50,000.00, but less than $75,000.00"  and Defendants' Notice of Removal fails to provide sufficient evidentiary support that Plaintiff's damages exceed $75,000.00.  As such, the Complaint does not fairly and clearly demonstrate that the amount-in-controversy requirement of § 1332 has been met.  *See Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 447 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."); *see also Morales v. Menard, Inc*., No. 12-CV-9082, 2014 WL 1364996, at *1 (N.D. Ill. Apr. 7, 2014) ("The party seeking federal jurisdiction bears the burden to prove that the amount-in-controversy requirement of § 1332 has been met and that this Court has jurisdiction").

Accordingly, this Court does not have proper subject matter jurisdiction over this case and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the matter back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.  All pending motions are **MOOT**.

**IT IS SO ORDERED.**

**DATED:  February 11, 2016**

                                                      **s/ Staci M. Yandle**
                                                     **STACI M. YANDLE**
                                                     **United States District Judge**